**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| TAMARA S. FRAZIER, | ) | Case No: 1:23-cv-02043 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff Tamara S. Frazier hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

**PARTIES**

4. Plaintiff is a natural person who at all relevant times has resided in Chicago, Illinois.

5. Defendant, EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), is a business entity that regularly conducts business in Illinois with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency,"

as defined in 15 U.S.C. § 1681a(F) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FACTUAL STATEMENT

6.      Plaintiff disputed a number of inaccuracies on her credit report in 2019 and early 2020.

7.      After disputing these inaccuracies, Equifax placed a dispute notation on each of these disputed entries.

8.      Plaintiff then went to seek a mortgage in or around August of 2020, but was told that active disputes reporting on her credit file would impact her eligibility to obtain a mortgage.

9.      The impact of disputes on the credit file impacts loan eligibility in a number of ways. First, in order to be eligible for an FHA loan, the underwriting guidelines prohibit the reporting of any accounts in dispute. Second, Freddie Mac's underwriting guidelines also prohibit the issuance of a mortgage when a consumer has active dispute notations on their credit file.

10.     Generally speaking, where a consumer's profile meets the criteria for both guidelines, they have access to a larger array of loans with different lending criteria and can then choose which loans best suit his or her needs.

11.     Therefore, when a consumer has an active dispute notation, they are prevented from obtaining a mortgage with loans that apply FHA or Freddie Mac's guidelines.

12.     This does not mean that the consumer cannot get a loan. It simply means, they are more limited in the types of loans they are eligible for.

13.     Accordingly, in order to ensure that she had the greatest amount of options to obtain a mortgage loan, Plaintiff made phone calls to Equifax advising Equifax that she was no longer disputing the accounts in questions.

14.     In addition to phone calls, Plaintiff also mailed a letter to Equifax, on August 27, 2020, asking for the dispute notations to be removed on her credit profile on a number of credit accounts, including accounts with Synchrony Bank and Chase Bank.

15.     Equifax's handling of Plaintiff's dispute letter violated the FCRA by demonstrating a willful disregard for what Plaintiff sought, and how the error was affecting her. After getting the dispute letter, Equifax erroneously alerted the furnishers, that Plaintiff disputed the account as not belonging to her. Equifax should have removed the dispute notation, or advised the furnishers that the dispute should be removed.

16.     On October 2020, Equifax provided Plaintiff a response to her written dispute refusing to remove the dispute notation, and instead, verifying the account as accurately reporting.

17.     In addition to mishandling the letter dispute, Equifax also failed to properly handle the phone call disputes.

18.     Upon information and belief, Equifax has a general policy that once a consumer requests for a dispute notation to be removed, it will remove the dispute notation. Upon information and belief, this policy applies to both written disputes and oral disputes.

19.     In this case, Equifax failed to apply this policy to any of Ms. Frazier's disputes. The reason for this failure was the result of an Equifax error, which allowed dispute notations to remain, despite knowing that they should be removed.

20.     This error was companywide. The error impacted 250,000 other accounts and continued for many months. Throughout this period of error, Equifax was repeatedly put on notice, by Ms. Frazier and other consumers, that its credit reports were continuing to erroneously report dispute notations, even though those accounts were known by Equifax to no longer be in dispute.

21.     Equifax recklessly disregarded those consumers, and the impact it had on those consumers, and did not fix the error until after the problem had ballooned to impact 250,000 other instances.

22.     Upon information and belief, Defendant's system was outdated and error prone, a fact known to Defendant Equifax, which contributed or resulted in the error and also formed the basis for updating their system to prevent said error.

23.     Defendant's violations of the FCRA alleged herein were willful, giving rise to liability under 15 U.S.C. § 1681n, or in the alternative, negligent, giving rise to liability under 15 U.S.C. § 1681o.

24.     The failure to remove the dispute notation was a substantial factor in Plaintiff being prevented from obtaining a mortgage. It limited her eligibility for loans under the specific FHA and Freddie Mac guidelines. While Plaintiff had other factors that impacted her eligibility to obtain a loan, the dispute notation imposed a substantial limitation on her options.

25.     Plaintiff also suffered emotional distress from Equifax's failure to remove the erroneous dispute notations. Plaintiff had numerous errors on her credit report, and spent a significant amount of time conducting research on how to resolve these problems, and contacting Equifax.

## CLASS ACTION ALLEGATIONS

### The Class

26.     Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23. Plaintiff seeks to represent a class for purposes of liability and statutory damages only. Plaintiff does not seek actual damages for the classes.

27.     Plaintiff seeks certification of the following classes, initially defined as follows:

Class A: All natural persons residing within the United States, beginning five years prior to the filing of this action, for whom Equifax issued credit reports with dispute notations after learning the accounts should no longer be marked as in dispute.

Class B: All natural persons residing within the United States, beginning two years prior to the filing of this action, whose Equifax credit reports reported dispute notations after the consumer had advised Equifax to remove the dispute language and Equifax continued to report, after reinvestigation of said dispute, the dispute notation.

## Numerosity

28.     The credit errors here extend to over 250,000 accounts. Therefore, the members of the Class are believed to be so numerous that joinder of all members is impracticable.

29.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from the records of Equifax. This class is particularly ascertainable given the fact that the nature of the claim is obvious on the face of any credit report.

## Common Questions of Law and Fact

30.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Equifax violated various provisions of the FCRA; (ii) whether the Plaintiff and the Classes have been injured by the conduct of Equifax; (iii) whether the Plaintiff and the Classes have sustained damages and are entitled to restitution as a result of Equifax's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

**Typicality**

31.     The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Classes defined in this complaint have claims arising out of the common uniform course of conduct complained of herein: Plaintiff and each member of the class have obviously inaccurate late payments on their credit files. Accordingly, Plaintiff's claims are typical of the claims of the Classes, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

**Protecting the Interests of the Class Members**

32.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

33.     Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

34.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

35.     The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

36.     Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

37.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Plaintiff's Classes

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38.    Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is appropriate in that prosecuting separate actions against any of the named Defendants concerning their failure to maintain adequate policies to comply with the FCRA could result in inconsistent or varying adjudications with respect to individual class members, and would result in adjudications that would impair or impede their ability to protect their interests.

39.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

40.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

41.    Absent a class action, the members of the Classes will continue to suffer losses borne from Equifax's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling Equifax's conduct to proceed and harm consumers.

42.    Equifax has acted, and will act, on grounds generally applicable to the Classes, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## AS TO EQUIFAX

43.    Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

44.    Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

45.    Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

46.    Specifically, by allowing disputes to continue reporting on her credit file, which Plaintiff had asked to be removed, Equifax failed to maintain adequate procedure to ensure accuracy. Equifax also failed to ensure accuracy, because a systemwide error was brought to Equifax's attention, repeatedly, but Equifax ignored such notice.

47.    Equifax negligently and willfully failed to reinvestigate Plaintiff's request for dispute notations to be removed in violation of 15 U.S.C. § 1681i. Had it done so, it would have stopped reporting withdrawn disputes on Plaintiff's credit file and she would have been able to obtain the loans and credit she sought.

48.    Equifax's conduct, action and inaction was willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Tamara S. Frazier, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A.  Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

    B.  Enter judgment against Defendant for punitive and statutory damages pursuant to the FCRA;

    C.  Enter judgment against Defendant for actual damages pursuant to the FCRA;

    D.  Award costs and reasonable attorneys' fees;

    E.  Grant such other and further relief as may be just and proper.


Dated this 23rd of April 2025.

Respectfully Submitted,


/s/ Daniel Zemel
Daniel Zemel, Esq.
**ZEMEL LAW, LLC**
660 Broadway
Paterson, New Jersey 07514
T: (862) 227-3106
F: (973) 282-8603
DZ@zemellawllc.com
Attorney for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

      I, Daniel Zemel, hereby certify that on this 23rd day of April, 2025, a copy of this filing

were served upon all counsel of record via the Court's ECF electronic-filing system.


                                    Respectfully Submitted,
                                    /s/ Daniel Zemel
                                    Daniel Zemel, Esq.