UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMARA FRAZIER, | |
| Plaintiff, | No. 23 CV 2043 |
| v. | Judge Thomas M. Durkin |
| EQUIFAX INFORMATION SERVICES LLC, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this class action lawsuit against Equifax Information Services LLC ("Equifax") alleging violations of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681 *et seq*. Equifax moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). R. 39. For the following reasons, the motion is granted in part and denied in part.

**Background**

In 2019 and early 2020, Plaintiff disputed a number of inaccuracies on her credit report. R. 29 ¶ 6. Thereafter, Equifax placed a dispute notation on each of the disputed entries. *Id.* ¶ 7. When seeking a mortgage in August 2020, Plaintiff was told that active disputes on her credit file could impact her ability to obtain certain kinds of mortgages. *Id.* ¶¶ 8–12. Plaintiff then called and wrote a letter to Equifax advising Equifax that Plaintiff no longer disputed the accounts and asked that the dispute notations be removed. *Id.* ¶¶ 13–14.

1

After receiving the calls and letter, Plaintiff alleges that, instead of removing the dispute notations, Equifax erroneously alerted the creditors that Plaintiff disputed the relative accounts as not belonging to her. *Id.* ¶ 15. In October 2020, Equifax responded to Plaintiff indicating that the accounts were accurately reported and refused to remove the dispute notations. *Id.* ¶ 16. The dispute notations were a substantial factor in Plaintiff being unable to obtain the mortgage. *Id.* ¶ 24.

Plaintiff alleges that Equifax failed to follow its policy that it will remove dispute notations upon a consumer's requests. *Id.* ¶ 18. According to Plaintiff, the failure to remove her dispute notations was the result of Equifax's outdated system that allowed dispute notations to remain despite consumers asking for them to be removed. *Id.* ¶¶ 19–22. This system failure impacted 250,000 other consumers. *Id.* ¶¶ 20–21. Plaintiff filed this lawsuit in Illinois state court against Equifax under the FCRA alleging negligent and willful violations of 15 U.S.C. §§ 1681e(b) and 1681i. *See generally* R. 1. Equifax then removed the action to federal court. *Id.* Equifax moves to dismiss all claims against it under Rules 12(b)(5) and 12(b)(6).

## Discussion

I. Service of Process

Under Rule 12(b)(5), a defendant may move to dismiss a complaint based on insufficient service of process and the plaintiff bears the burden to prove that the defendant was properly served. *See Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). When a defendant removes a lawsuit from Illinois state court, Illinois Supreme Court Rule 103(b)—instead of Rule 4(m)—governs whether plaintiff's

service was timely. *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001) ("[F]ederal courts may apply state procedural rules to pre-removal conduct," including "the timeliness of service of process."). Aside from this exception, the Federal Rules of Civil Procedure make clear that they "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c).

Under Rule 12(b), a party may assert certain defenses "by motion" which "must be made before pleading." Fed. R. Civ. P. 12(b). "A party waives any defense listed in Rule 12(b)(2)–(5) by . . . failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(B); *see also Swanson v. City of Hammond, Ind.*, 411 F. App'x 913, 915 (7th Cir. 2011) ("As long as defendants comply with the rules by raising their defenses in their first responsive pleading or consolidate their defenses in a pre-pleading motion under Fed. R. Civ. P. 12(b), they do not waive their Rule 12(b) defenses."). Rule 12(b) defenses may also later be waived by litigating the case on the merits. *Blockowicz v. Williams*, 630 F.3d 563, 566 (7th Cir. 2010).

Here, Plaintiff filed this lawsuit in the Circuit Court of Cook County on July 29, 2022 and service was effectuated on March 1, 2023. R. 6-1 at 2. On March 31, 2023, Equifax removed the suit to this Court, at which point the Federal Rules began to apply. Equifax could have, and should have, moved under Rule 12(b)(5) to dismiss the complaint. Instead, it filed an answer—the initial responsive pleading—on May 1, 2023. In its initial responsive pleading, Equifax asserts a statute of limitations affirmative defense. R. 11 at 7. But nowhere in that responsive pleading does Equifax

3

raise an insufficient service of process defense. Because Equifax did not move to dismiss the complaint pursuant to Rule 12(b)(5) before pleading and did not include the insufficient service defense in that pleading, Equifax has effectively waived its ability to challenge the service of process as untimely. *See Lieberman v. Budz*, No. 00 C 05662, 2013 WL 157200, at *9 (N.D. Ill. Jan. 15, 2013) (finding defendant's Rule 12(b)(5) motion was untimely because it was filed after the responsive pleading, but found the defense was not waived because it was included in the responsive pleading); *cf. Vasquez v. Mason Manor Condo. Ass'n*, No. 17-CV-05645, 2018 WL 3036971, at *2 (N.D. Ill. June 19, 2018) (finding that defendant had not waived its objections to service where it included them in its responsive pleading).

Additionally, Equifax has actively litigated this case, participated in discovery, and appeared for multiple hearings. This provides an additional basis to conclude that it has waived its defense of insufficient service of process. *See Trs. of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732–33 (7th Cir. 1991) (finding the defendants waived their Rule 12(b)(5) defense by participating in proceedings, even though they had not yet filed a Rule 12(b) motion or answer); *Sun v. Xie*, No. 19 CV 6381, 2025 WL 2467497, at *6 (N.D. Ill. Aug. 27, 2025) (finding the defenses waived where defendants actively participated in discovery and responded to the motion for summary judgment).

Equifax contends that Plaintiff's claims should be dismissed as barred by the FCRA's two-year statute of limitations. Equifax does not argue that Plaintiff filed her lawsuit after the two-year limitation, only that it was *served* seven months after it

4

had expired and five months after the lawsuit was filed. But this is a timeliness of service argument masked as a statute of limitations argument. Service can be insufficient if it is untimely, *see* Fed. R. Civ. P. 4(m); Ill. Sup. Ct. R. 103(b), which, as explained, Equifax has waived. Thus, for all these reasons, Equifax's Rule 12(b)(5) motion is denied.

II.   Failure to State a Claim

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, the complaint must provide the defendant with "fair notice" of the claim and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Facial plausibility exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (citations omitted). In deciding a motion to dismiss, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

Before proceeding, a brief word about FCRA terminology. Plaintiff is a "consumer." 15 U.S.C. § 1681a(c). Equifax is a "consumer reporting agency" ("CRA")

that generates "consumer reports," also called "credit reports." *Id.* §§ 1681a(d), (f). A credit report compiles information provided by "furnishers," 12 C.F.R. § 1022.41(c), which typically are the consumer's creditors.

The FCRA mandates that when a CRA "prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Whenever a consumer disputes "the completeness or accuracy of any item of information" contained in their credit report, Section 1681i requires CRAs to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." *Id.* § 1681i(a)(1)(A). To bring an action under either provision, the "statute requires a plaintiff to show that a [CRA] prepared a report containing 'inaccurate' information." *Denan v. TransUnion LLC*, 959 F.3d 290, 294 (7th Cir. 2020). Accuracy is not explicitly defined in the statute, but it has generally been recognized that "accuracy" includes both "truthfulness and completeness." *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 809 (7th Cir. 2023). Equifax argues that Plaintiff's claim should be dismissed because she does not: (1) allege to whom she first disputed the inaccuracies; (2) sufficiently allege that Equifax acted willfully; and (3) allege that an inaccurate credit report was produced to a third party. The Court addresses each in turn.

A.  Dispute Notations

In this case, Plaintiff alleges that Equifax negligently and willfully failed to: (1) follow reasonable procedures to ensure accurate reporting because it included the

6

dispute notations after Plaintiff notified Equifax that she no longer disputed the accounts, and (2) reasonably reinvestigate Plaintiff's request for the dispute notations to be removed. Equifax contends that Plaintiff's FCRA claim fails because she does not allege to whom—Equifax or the furnishers—she lodged her original disputes and, thereafter, whether she first notified the furnishers that the disputes should be removed. Plaintiff responds that Equifax incorrectly reads the complaint in that it presumes the original disputes were initiated with the furnishers. Plaintiff contends that a reasonable reading of the complaint shows that Plaintiff made the disputes directly to Equifax which then put the dispute notations on the entries.

Determining to whom the original disputes were made is important.[1] When a consumer disputes the accuracy of information with a furnisher, the furnisher must report such information as disputed in the furnisher's report to a CRA. 15 U.S.C. § 1681s-2(a)(3). Generally, a furnisher will continue reporting an account as disputed until the consumer withdraws the dispute or the furnisher directly or indirectly discovers it needs to correct incomplete or inaccurate information. *See id.* § 1681s-2(a)(2), (b)(1); *Doss v. Trans Union, LLC*, No. 2:20-cv-000584-ACA, 2022 WL 1063234, at *2–3 (N.D. Ala. Apr. 8, 2022) (explaining that furnishers have duty to review all information to determine whether the account is accurate); *McGee v. Equifax Info. Servs., LLC*, No. 18-cv-04144-MHC-CMS, 2019 WL 2714505, at *3 (N.D. Ga. Mar. 19,

---

[1] In their respective argument sections on this issue, the parties cite to no cases from the Seventh Circuit or the Northern District of Illinois which address the significance of a consumer disputing inaccuracies first with the furnisher or CRA, and the Court has been unable to find any.

7

2019), *report and recommendation adopted*, 2019 WL 2714497 (N.D. Ga. Apr. 9, 2019) (holding that a furnisher should retain the dispute notation until the consumer tells the furnisher that he no longer disputes the account).

Once a furnisher notifies the CRA of a consumer dispute, the CRA must "indicate that fact in each consumer report that includes the disputed information." 15 U.S.C. § 1681c(f). If a CRA receives a consumer's notification of inaccuracy regarding the furnisher's account, the CRA must reinvestigate and notify the furnisher. *Id.* § 1681i(a)(1)(A), (2). If after reinvestigation the CRA finds that the information is inaccurate, incomplete, or cannot be verified, the CRA must delete that information and notify the furnisher. *Id.* § 1681i(a)(5)(A). The furnisher can then reinsert the deleted information after "certif[ying] that the information is complete and accurate." *Id.* § 1681i(a)(5)(B). In sum, if a consumer first disputes an account with a furnisher, the CRA will continue reporting the dispute until the furnisher confirms the account is no longer in dispute or its reinvestigation shows that its reporting is inaccurate.

> If instead:
>
> Plaintiff originally disputed an account with a CRA like Equifax, and Plaintiff then informed that CRA that Plaintiff no longer disputed the account, then a reasonable investigation by the CRA would have uncovered the "account in dispute" notation that could then be removed by the CRA. . . . In simplest terms, a reasonable reinvestigation by a CRA might turn up a dispute originally filed with that CRA. Therefore, if Plaintiff originally disputed the accounts with the CRAs, then the complaint may state a claim that the CRAs could be liable for violating the FCRA. *See* 15 U.S.C. § 1681e(b) (requiring that CRAs maintain or follow reasonable procedures to assure the accuracy of consumer information that it reports to third parties); 15 U.S.C. § 1681i(a)(1)(A) (requiring that CRAs conduct a reasonable

8

reinvestigation after receiving a consumer dispute regarding an errant tradeline).

*Griffin v. Equifax Info. Servs., LLC*, No. 1:20-CV-2316-TWT-CCB, 2021 WL 7708413, at *6 (N.D. Ga. July 21, 2021), *report and recommendation adopted*, 2021 WL 7708404 (N.D. Ga. Sept. 1, 2021); *see also Jordan v. Equifax Info. Servs., LLC*, No. 3:20-cv-0019-TCB-RGV, 2021 WL 4988315, at *14 (N.D. Ga. July 21, 2021) (explaining that if plaintiff had alleged that he initially disputed the account with the CRA defendant and then subsequently contacted the CRA defendants to retract that dispute, this may support a plausible claim under the FCRA based on the CRA defendant's failure to remove the dispute notations); *cf. Wheeler v. Trans Union LLC*, No. CV-17-03328-PHX-JAT, 2018 WL 2431876, at *4 (D. Ariz. May 30, 2018) (denying motion to dismiss because "the FCRA expressly contemplates that disputes may be made directly from consumers to CRAs").

Here, Plaintiff alleges that she "disputed a number of inaccuracies on her credit report in 2019 and early 2020. After disputing these inaccuracies, Equifax placed a dispute notation on each of these disputed entries." R. 29 ¶¶ 6–7. Drawing all reasonable inferences in Plaintiff's favor, as the Court must do, Plaintiff plausibly alleges that she first made the disputes with Equifax which then placed the notations on the disputed entries. Equifax did not remove the notations after notice from Plaintiff to remove them despite its alleged policy of removing dispute notations upon a consumer's request. *Id.* ¶ 18. Therefore, Plaintiff did not need to ask the furnishers to remove the dispute notations as Equifax contends.

Further, according to Plaintiff, Equifax notified the furnishers that Plaintiff disputed the accounts as not belonging to her. But she allegedly told Equifax that she no longer disputed the accounts and asked for the dispute notations to be removed, not that she disputed the accounts as not belonging to her. *See* 15 U.S.C. § 1681i(a)(2)(A) ("The notice [to the furnisher] shall include all relevant information regarding the dispute that the agency has received from the consumer[.]"); *cf. Chaitoff*, 79 F.4th at 817 ("When a consumer disputes an item in his credit report with a CRA, the CRA's first step is to transmit that dispute to the furnisher."). These facts plausibly suggest that Plaintiff has stated a claim under §§ 1681e(b) and 1681i.

B. Willful Violation

Equifax also moves to dismiss Plaintiff's allegations that Equifax willfully violated the FCRA. To establish a willful violation of the FCRA, a plaintiff must allege that defendant knowingly or recklessly violated provisions of the FCRA. *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1195 (7th Cir. 2021). "Willfulness may be established by showing that the defendant knew that its actions violated a FCRA requirement or acted in reckless disregard as to whether its actions violated a FCRA requirement." *Asufrin v. Roundpoint Mortg. Serv. Corp.*, No. 15 C 9077, 2016 WL 1056669, at *5 (N.D. Ill. Mar. 17, 2016) (citation and internal quotation marks omitted). "At this stage, plaintiff need only plausibly suggest a willful violation." *Id.* (citing cases).

Equifax has an obligation under the FCRA to follow reasonable procedures to assure the accuracy of consumer information and to conduct a reasonable

10

reinvestigation after receiving a consumer dispute regarding an errant tradeline. As explained, Plaintiff plausibly alleges that she first disputed the accounts with Equifax and then asked Equifax to remove the disputes, which it did not do. Instead, it sent a letter to the furnishers indicating that Plaintiff disputed the accounts as not belonging to her, which is not what she allegedly said in her letter. This is enough to plausibly suggest that Equifax willfully violated the FCRA. *See, e.g., id.*; *Barnes v. Equifax Info. Servs., LLC*, No. 1:21-CV-06399, 2023 WL 6388059 (N.D. Ill. Sept. 29, 2023) ("Barnes's allegation that her credit report was not corrected after notifying the Defendants of the error[ ] is sufficient to support her claims of willful violations of the FCRA.").

Equifax argues that Plaintiff's willfulness allegations cannot be sustained by her allegations that Equifax departed from its internal policies or that it has an outdated system for removing dispute notations. But as just explained, Plaintiff alleges more.

C.  Reporting to Third Parties

Equifax alternatively argues that Plaintiff's claim under § 1681e(b) fails because she does not allege that Equifax disseminated an inaccurate consumer report.[2] Instead, according to Equifax, Plaintiff complains about the unpublished

---

[2] A "consumer report" is defined as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness . . . ." 15 U.S.C. § 1681a(d). "Consumer reports" are more commonly known as "credit reports."

11

contents of her credit file.³ "[A] consumer is not injured by an inaccurate credit report unless that false information is communicated to and acted upon by a third-party user." *Renninger v. ChexSystems*, No. 98 C 669, 1998 WL 295497, at *6 (N.D. Ill. May 22, 1998); *see also Wantz v. Experian Info. Sols.*, 386 F.3d 829, 833–34 (7th Cir. 2004) (explaining that there is no § 1681e(b) violation without disclosure to a third party); *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 n.3 (9th Cir. 2018) (explaining that § 1681e(b) applies to consumer reports which are "CRA-prepared reports that a CRA issues to third parties") (citing *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908 (7th Cir. 2007)).

Plaintiff alleges that she sought a mortgage in August 2020, but was told by the lender that active disputes reported on her credit file would impact her ability to obtain a mortgage. R. 29 ¶ 8. It is plausible to infer that, to make such comments, the lender viewed Plaintiff's credit report in August 2020. However, Plaintiff does not allege that these dispute notations were false, inaccurate, or misleading—and nor could she since she herself made the disputes to Equifax. *Id.* ¶ 6. Therefore, the Court cannot infer that Equifax's credit reporting or even Plaintiff's credit file, up until August 2020, contained factual inaccuracies concerning the dispute notations. *See Chaitoff*, 79 F.4th at 811; *Denan*, 959 F.3d at 294.

Plaintiff then contacted Equifax by phone and an August 27, 2020 letter asking for the dispute notations to be removed. R. 29 ¶¶ 13, 14. In October 2020, Equifax

---

³ The term "credit file" refers to "all information on that consumer recorded or retained by a consumer reporting agency." 15 U.S.C. § 1681a(g).

12

responded to Plaintiff indicating its refusal to remove the dispute notations. *Id.* ¶ 16. But Plaintiff does not allege that, thereafter, Equifax published to a third party a credit report that continued to report the allegedly inaccurate dispute notations. *See Sarver v. Experian Info. Sols., Inc.*, 299 F. Supp. 2d 875, 877 (N.D. Ill. 2004), *aff'd*, 390 F.3d 969 (7th Cir. 2004) ("Mr. Sarver presents no evidence that his credit report was published to any third party in the time period between his letter to Experian and the filing of this lawsuit."). Plaintiff only vaguely alleges that the failure to remove the dispute notations was a substantial factor in being denied the mortgage, *id.* ¶ 24, but she provides no factual allegations to suggest that the lender viewed a new credit report after these events. Because this is fatal to Plaintiff's FCRA claim, Equifax's motion to dismiss is granted on this basis.

III. Preclusion

This case is Plaintiff's third lawsuit against Equifax stemming from Plaintiff's disputes over Equifax's credit reporting. *See Frazier v. Equifax Info. Servs., LLC,* 112 F.4th 451 (7th Cir. 2024) (affirming Judge Leinenweber's grant of summary judgment for Equifax); *Frazier v. Equifax Info. Servs. LLC,* No. 22 CV 05597, Dkt. 114 (N.D. Ill. Nov. 18, 2024). In reviewing the complaints from the three lawsuits, the Court had questions over whether Plaintiff's claim was subject to claim or issue preclusion. Although Equifax had not raised the issue in its motion to dismiss, the Court requested supplemental briefing. R. 53.

Equifax argues that Plaintiff's claim here could have been brought in the earlier cases because they all arise out of the same operative facts or transaction—

the overarching dispute with Equifax in 2020 over line-items in her credit report. R. 55. Whereas Frazier contends that the claim in this case involves entirely different tradelines, dispute letters, credit report inaccuracies, and misconduct by Equifax. R. 54. Thus, there are factual disputes that would make finding preclusion at this point inappropriate without further discovery or turning this into a motion for summary judgment. The Court leaves this issue for another day.

## Conclusion

For the foregoing reasons, Equifax's motion to dismiss is granted in part and denied in part. Because Plaintiff does not allege that the lender or any third party pulled Plaintiff's credit report after she advised Equifax that she no longer disputed the accounts and asked that the dispute notations be removed, her FCRA claim fails. The first amended complaint is dismissed without prejudice. Plaintiff may file a second amended complaint within 21 days if she believes an amended complaint can cure the defects identified here.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: March 5, 2026